STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
KENNEBEC, ss.                                     DOCKET NO. CV-05-98


CHESTER HALSEY-HILL

          Plaintiff

     v.                                                    JUDGMENT

RAYMOND D. BOUFFARD,

          Defendant


This matter comes before the court on the plaintiff's motion for summary judgment seeking judgment as the result of a violation of the Statute of Limitations. Since the uncontroverted facts in the case demonstrate that the complaint was filed beyond the six-year statute of limitations for torts, the motion must be granted.

**Facts**

The undisputed facts material to the issue in this motion include the following. On April 6, 1999, the parties were involved in a motor vehicle accident, which allegedly resulted in the plaintiff sustaining personal injuries and other damages. The plaintiff claims that the accident was the result of the negligent operation of a motor vehicle by the defendant. The defendant has been represented by Progressive Insurance Company over the following years. The company was in regular contact with the plaintiff's attorney, though settlement negotiations eventually were abandoned. Counsel for the plaintiff prepared a complaint for filing, which complaint was signed and mailed on March 31, 2005, from the attorney's office in Damariscotta, Maine. For whatever

unknown reason, the complaint was not date stamped and docketed in the Kennebec County Superior Court Clerk's Office until a week later on April 7, 2005.[1]

## Discussion

The statement of uncontested material facts set forth above makes it clear that, although only by a matter of hours, the plaintiff's complaint was filed after the deadline set by the applicable six-year statute of limitations. 14 M.R.S.A. § 752. The plaintiff does not contest that his cause of action accrued on April 6, 1999, or that his complaint was filed on April 7, 2005. The plaintiff suggests that the complaint might have been received in the clerk's office sometime prior to the 7th, but that for some reason processing was delayed until the critical time. However, this is pure speculation unsupported by any affidavit or other evidence that this is what in fact happened. The court must be able to rely on the filing date stamped on documents precisely for this reason.

With regard to the plaintiff's other arguments, the statute of limitations may be waived, but again there is no evidence presented to indicate that the defendant did so. It also is possible for defendant to be estopped from raising the statute of limitations, though there is no evidence of any statement or action on the part of the defendant or his insurer in this case upon which such estoppel could rest.

Finally, the plaintiff argues as a matter of equity that he should be able to rely on the fact that five or six days is more than sufficient time to have mail delivered between Damariscotta and Augusta. The court agrees in principle that in the past such mail service would seem reasonable. However, the plaintiff has control over the means of

---

[1] The court takes judicial notice of the Kennebec County Superior Court time stamp on the complaint which reads, "2005 APR-7 A 6:57." It is likely that the time portion should have read, "7:57" since Daylight Savings Time began the preceding weekend and it is apparent that the stamp had not yet been reset. In any event, the printed receipt for the filing fee confirms the April 7, 2005, date. April 7th was one day beyond the sixth anniversary of the accrual of any cause of action arising from the accident.

filing, and whatever means is chosen, the plaintiff must live with the consequences of that choice, as unfair as they may seem.

For the reasons stated above, the entry will be:

Defendant's motion for summary judgment is GRANTED. The clerk shall enter judgment for the defendant.

Dated: July____19____, 2005

S. Kirk Studstrup
Justice, Superior Court

CHESTER HALSEY HILL  - PLAINTIFF
830 WATER STREET
GARDINER ME 04345
Attorney for: CHESTER HALSEY HILL
JOEL BOWIE  - RETAINED 04/07/2005
HOWARD & BOWIE
1 MAIN STREET
PO BOX 460
DAMARISCOTTA ME 04543-0460

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2005-00098

**DOCKET RECORD**

vs
RAYMOND D BOUFFARD  - DEFENDANT
14 COLUMBIA STREET
AUGUSTA ME 04330
Attorney for: RAYMOND D BOUFFARD
MICHAEL RAIR  - RETAINED
LAW OFFICE OF MICHAEL L. RAIR
43 COLUMBIA STREET SUITE ONE
PO BOX 2580
BANGOR ME 04402-2580


Filing Document: COMPLAINT                      Minor Case Type: AUTO NEGLIGENCE
Filing Date: 04/07/2005

## Docket Events:

04/07/2005 FILING DOCUMENT - COMPLAINT FILED ON 04/07/2005

04/07/2005 Party(s):  CHESTER HALSEY HILL
          ATTORNEY - RETAINED ENTERED ON 04/07/2005
          Plaintiff's Attorney: JOEL BOWIE

04/07/2005 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 04/07/2005
          Plaintiff's Attorney:  JOEL BOWIE
          MAILED TO ATTY. OF RECORD

04/28/2005 Party(s):  RAYMOND D BOUFFARD
          RESPONSIVE PLEADING - ANSWER FILED ON 04/28/2005
          Plaintiff's Attorney:  MICHAEL RAIR
          DEFENDANT RAYMOND D. BOUFFARD'S DEFENSES AND ANSWER TO PLAINTIFF'S COMPLAINT, FILED.

04/28/2005 Party(s):  RAYMOND D BOUFFARD
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/28/2005
          Defendant's Attorney: MICHAEL RAIR
          DEFENDANT RAYMOND BOUFFARD'S FIRST SET OF INTERROGATORIES TO PLAINTIFF CHESTER HALSEY
          HILL; DEFENDANT RAYMOND D. BOUFFARD'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
          PLAINTIFF CHESTER HALSEY-HILL SERVED ON JOEL BOWIE, ESQ. ON 4/27/05.

04/28/2005 Party(s):  RAYMOND D BOUFFARD
          SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 04/27/2005
          Defendant's Attorney: MICHAEL RAIR

04/28/2005 Party(s):  RAYMOND D BOUFFARD
          ATTORNEY - RETAINED ENTERED ON 04/28/2005
          Defendant's Attorney: MICHAEL RAIR